PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE JOHNSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EVINE LIVE INC., a Minnesota corporation; and DOES 1 – 10, inclusive,<br><br>Defendants. | Case No. 2:17-cv-00477-JA-EFB<br><br>**FIRST AMENDED *CLASS ACTION* COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.**<br><br>Filed: February 1, 2017<br>Removed: March 3, 2017 |

Plaintiff Kyle Johnson ("Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges as follows:

## I.  INTRODUCTION & OVERVIEW OF CLAIMS

1. Plaintiff brings this class action on behalf of himself and a class of others similarly situated, to redress the unlawful commercial practices employed by Defendant Evine Live Inc. (hereinafter "Defendant"), in negligently and/or willfully contacting Plaintiff and the Class on their cell phones, via text messages, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), and thereby invading Plaintiff's and the Class's privacy.  Specifically, Defendant has repeatedly sent commercial text messages to Plaintiff and the Class despite an express demand that Defendant stop doing so.  Indeed, the unwanted texts to Plaintiff continue unabated to this day.  As detailed herein, this conduct amounts to a clear, ongoing, and unequivocal violation of the TCPA.  Accordingly, Defendant is liable to Plaintiff and similarly situated Class Members for substantial monetary penalties.

## II. JURISDICTION AND VENUE

2. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 because it presents a federal question under 47 U.S.C. § 277 *et seq.*

3. This Court additionally has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs, and is a class action in which some members of the class are citizens of different states than Defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).

4. Venue is proper in this Court because Defendant knowingly engages in activities directed at consumers in this judicial district and conducted wrongful conduct alleged herein against residents of this judicial district.

5. Defendant and other out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

///

### III. PARTIES

6. Plaintiff Kyle Johnson is an individual adult residing in this judicial district. Plaintiff and the Class are "person[s]" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Evine Live Inc. is a Minnesota corporation, with its principal place of business located at 6740 Shady Oak Road, Eden Prairie, Minnesota 55344. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant is a "person" as defined by 47 U.S.C. § 153(38), and that Defendant, at all times relevant, conducted business in this judicial district.

8. The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9. At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Evine Live Inc. and DOE Defendants will hereafter collectively be referred to as "Defendant").

### IV. FACTUAL BACKGROUND

A. **Background of the TCPA**

10. The purpose of the TCPA is to protect consumers from unwanted calls and text messages like those received by Plaintiff and the Class from Defendant. Indeed: "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA. Congress determined that federal legislation was needed because

telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Financial Services, LLC,* 132 S.Ct. 740, 744 (2012).  In enacting the TCPA, Congress found that "banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." TCPA, Pub.L No. 102-243, § 11.

11.   The courts and the Federal Communications Commission ("FCC") have interpreted the TCPA to include unwanted text messages within its prohibitions. *See Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 950-954 (9th Cir. 2009); *Kristensen v. Credit Payment Services,* 12 F.Supp.3d 1292, 1300 (D. Nev. 2014).  In its Declaratory Ruling and Order issued on July 10, 2015, the FCC clarified that telephone calls and text messages have the same protections under FCC rules, and that text messages are "calls" for purposes of the TCPA.  Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; American Association of Healthcare Administrative Management, Petition for Expedited Declaratory Ruling and Exemption; et al, Federal Communications Commission, 30 FCC Rcd. 7961, 8016-8022 (July 10, 2015).

12.   In the same ruling and order, the FCC clarified how a consumer may revoke consent to continue to receive calls, including text messages. *Id.,* 30 FCC Rcd. at 7993-7999.  The FCC ruled that "[c]onsumers have a right to revoke consent, using ***any reasonable method including orally or in writing.***" *Id.,* 30 FCC Rcd. at 7996; emphasis added.  In this connection, the FCC determined that "callers," including Defendant here, "may not control consumers' ability to revoke consent" by "designat[ing] the exclusive means by which consumers must revoke consent." *Id*.

13.   The elements of a cause of action under TCPA are "(1) the defendant called a cellular telephone; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Mendez v. C-Two Group, Inc.,* 2015 WL

8477487, at *7 (N.D. Cal. Dec. 10, 2015) (quoting *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036, 1043 (9th Cir. 2012)).

14. A consumer may recover $500 in statutory damages for each violation of TCPA, and $1500 for violations that are proved to be willful. *See* 47 U.S.C. § 227(b)(3), (c)(5)(B); *Bayat v. Bank of the West,* 2015 WL 1744342, at *2 (N.D. Cal. Apr. 15, 2015); *Kristensen, supra,* 12 F.Supp.3d at 1308; *Lary v. Trinity Physician Financial & Insurance Services,* 780 F.3d 1101, 1106-1107 (11th Cir. 2015) (treble damages available with showing that defendant knew of violation of TCPA).

15. Defendant refuses to acknowledge the FCC's ruling that consumers may "revoke consent using any reasonable method" and refuses to comply with the FCC's prohibition that defendants cannot "designate the exclusive means by which consumers must revoke consent." Specifically, Defendant has designated a single, unreasonably restrictive, means by which a consumer may revoke consent to receive unwanted text messages – specifically, Defendant contends that consumers may only withdraw their consent to receive text messages by sending the word "STOP" to Defendant.

**B.     Facts of Plaintiff's Claims Against Defendant**

16. In 2016, Plaintiff consented, by mistake, to receive automated commercial text messages from Defendant.[1] Defendant placed these text messages using an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

---

[1] Plaintiff refrains from disclosing his cellular telephone number in a public filing; however, it shall be provided to Defendant in discovery. *Stewart v. T-Mobile USA, Inc.* (D.S.C. 2015) 124 F.Supp.3d 729, 733 ("While the Fourth Circuit has not squarely addressed the question of whether a plaintiff must provide the specific cellular telephone number that the defendant allegedly called in order to state a plausible TCPA claim, the Court notes that the majority of courts confronted with this question have not required such detailed pleadings.") (referencing *Ott v. Mortg. Inv'rs Corp. of Ohio,* 65 F.Supp.3d 1046, 1059 (D.Or.2014) ( "*Strand* is contrary to most other district courts ... that do not require such detail at the pleading stage in order to provide adequate notice to a TCPA defendant."); *Isgett v. Northstar Location Servs., LLC,* No. 4:14–CV–4810–RBH, 2015 WL 4072094, at *3 n. 4 (D.S.C. July 2, 2015) ("The Court also rejects Defendant's argument that Plaintiff's claims under the TCPA must be dismissed because his complaint did not specify the telephone number that Defendant allegedly called."); *Williams v. Bank of America, Nat. Ass'n* (D.S.C., June 19, 2015, No. 4:14-CV-04809-RBH) 2015 WL 3843251, at *3-4 ("[O]ther district courts considering the question [of whether a plaintiff must provide her telephone number in her complaint] have consistently rejected the position taken by Defendant and *Strand.*" Such a requirement is not necessary to provide a defendant with adequate notice of its conduct allegedly in violation of the TCPA, particularly where, as here, the Complaint specifically states the name of the individual T–Mobile was attempting to reach. ... Nevertheless, T–Mobile "may obtain information regarding the telephone number it allegedly called through discovery.")).

This ATDS has the capacity to store or produce telephone numbers to be called, including Plaintiff's, using a random or sequential number generator.

17.    On November 28, 2016, Plaintiff withdrew consent to receive further commercial texts and notified Defendant to stop sending him commercial text messages – multiple times. In Plaintiff's text message sent to Defendant on November 28, 2016, Plaintiff stated: "Take my phone number off of your contact list."

18.    On November, 29, 2016, November 30, 2016, and December 1, 2016, Defendant sent further commercial text messages to Plaintiff despite Plaintiff's prior notification to Defendant to stop sending him commercial text messages. In response, on December 1, 2016, Plaintiff sent a further text message to Defendant stating: "Can you confirm that my phone number was taken off your contact list?"

19.    Despite Plaintiff's request, Defendant has persisted in sending text messages to Plaintiff almost daily down to the present time. In response, Plaintiff has sent the following texts to Defendant: "I've asked you multiple times to no longer send these messages." "Do not send me any more text messages." "Please, do no text me anymore." All of these efforts on Plaintiff's part have been to no avail.

20.    In sum, notwithstanding Plaintiff's unequivocal demand that such text messages cease, Defendant refused to stop sending texts to Plaintiff, claiming that the only way that Plaintiff could withdraw his consent to receive unwanted texts from Defendant was to text "STOP" to Defendant.

21.    Both before and after revoking Plaintiff's accidental consent to receiving the texts from Defendant, the text messages received from Defendant were from the SMS short form code 735-96, registered to Defendant, "EVINE Live". Each of the texts received by Plaintiff and the Class were impersonal, scripted advertisements sent en masse to Plaintiff and the Class. The texts include links to an advertisement/promotion to the product in each text. For example, Plaintiff received the following en masse text advertisements:

- "Today's Top Value: Make cozy a standard this holiday season"

- "Today's Top Value: Something for everyone!"
- "Today's Top Value: Pamela McCoy Faux Fur Lined Hooded Mid-Length Hook Front Coat"
- "Today's Top Value: Active Argan 7pc Moisture Treatment Gift Collection for Hands & Body"
- "Today's Top Value: Give your techies what they want this season"
- "Today's Top Value: Get your beauty & sleep with Waterford & Cozelle ®"
- "Today's Top Value: 4 stylish gifts under $25 each!"
- "Today's Top Value: Gifts for her that we're sure she'll love!"
- "Today's Top Value: Family dinner dream come true!"
- "Today's Top Value: Stunning offers inside!"

22. Plaintiff and the Class received the following text advertisements from Defendant in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and/or (b)(1)(B). Each of the en masse text advertisements had no personal link to the Plaintiff or individual Class Members. Indeed, Plaintiff and the Class have no other personal or necessary connection to the Defendant aside from being consumers.

## V. CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action, on behalf of himself and all others similarly situated, as a class action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure. The proposed Class (the "Class") that Plaintiff seeks to represent is composed of and defined as:

> "**All persons within the United States that received unauthorized text messages on their cellular phones from Evine Live Inc., its predecessors, or its affiliates, during the last four years in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and/or (b)(1)(B)**."

24. This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-

(3). This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

25. [Fed. R. Civ. P. 23(a)(1)] The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes thousands of members. Plaintiff alleges that the Class may be ascertained by the records maintained by Defendant.

26. [Fed. R. Civ. P. 23(a)(2)] Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

    i)    Whether the foregoing acts and omissions of Defendant constitutes negligent violations of the TCPA;

    ii)    Whether the foregoing acts and omissions of Defendant constitutes knowing and/or willful violations of the TCPA;

    iii)    Whether the text message sent by Defendant to the Class were sent via ATDS;

    iv)    Whether Plaintiff and the Class Members are entitled to $500 in statutory violations for each violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

    v)    Whether Plaintiff and the Class Members are entitled to $1500 in statutory violations for each violation of the TCPA set forth herein, pursuant to 47 U.S.C. § 227(b)(3)(C);

    vi)    Whether Plaintiff and Class Members are entitled to injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A);

      vii)    Whether Plaintiff and Class Members are entitled to reasonable attorneys' fees and costs; and

      viii)    The proper formula(s) for calculating the restitution owed to Class Members.

27. [Fed. R. Civ. P. 23(a)(3)] Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have sustained injury and are facing irreparable harm arising out of Defendant's common course of conduct as complained of herein. The losses of each member of the Class were caused directly by Defendant's wrongful conduct as alleged herein.

28. [Fed. R. Civ. P. 23(a)(4)] Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions, including complex consumer and mass tort litigation.

29. [Fed. R. Civ. P. 23(b)(3)] A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

30. [Fed. R. Civ. P. 23(b)(1)(A)] The prosecution of separate actions by thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper notice, which Defendant must provide to all Class members.

31.     [Fed. R. Civ. P. 23(b)(1)(B)] The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

32.     [Fed. R. Civ. P. 23(b)(2)] Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final injunctive relief with regard to the members of the Class as a whole.

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. § 227, et seq.**

**(By Plaintiff Against All Defendants On Behalf Of The Class)**

33.     The foregoing paragraphs are alleged herein and are incorporated herein by reference.

34.     The foregoing acts and omissions of Defendants constitute numerous negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

35.     As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are each entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

36.     Plaintiff and the Class are also entitled to, and seek, injunctive relief prohibiting such conduct in the future.

37.     Plaintiff and the Class are also entitled to recover reasonable attorneys' fees and costs.

///

///

///

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. § 227, et seq.

**(By Plaintiff Against All Defendants On Behalf Of The Class)**

38. The foregoing paragraphs are alleged herein and are incorporated herein by reference.

39. As noted above, Defendant continued to send text messages to the Class after purporting to designate an exclusive means by which consumers could revoke consent to receive such text messages. These acts constitute knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

40. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $1500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

41. Plaintiff and the Class are also entitled to, and seek, injunctive relief prohibiting such conduct in the future.

42. Plaintiff and the Class are also entitled to recover reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief on behalf himself and the Class:

**On the First Cause of Action**

A. Based on Defendants' negligent violations of the TCPA as set forth herein, an award of $500 in statutory violations for each violation of the TCPA set forth herein, pursuant to 47 U.S.C. § 227(b)(3)(B) to each Class Member;

B. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

C. Reasonable attorneys' fees and costs pursuant to Cal. Code Civ. Proc. § 1021.5; and

D. Such other and further relief as this Court may deem appropriate.

**On the Second Cause of Action**

E. Based on Defendants' knowing and/or willful violations of the TCPA as set forth herein, an award of up to $1500 in statutory violations for each violation of the TCPA set forth herein, pursuant to 47 U.S.C. § 227(b)(3)(C) to each Class Member;

F. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

G. Reasonable attorneys' fees and costs pursuant to Cal. Code Civ. Proc. § 1021.5; and

H. Such other and further relief as this Court may deem appropriate.

Dated: March 31, 2017                    PACIFIC TRIAL ATTORNEYS, APC

By: _____
Scott. J. Ferrell
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

Dated: March 31, 2017              PACIFIC TRIAL ATTORNEYS, APC

By: _____
Scott. J. Ferrell
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2017, I electronically filed the foregoing **FIRST AMENDED *CLASS ACTION* COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Scott J. Ferrell*
Scott J. Ferrell, Esq